MOLINE NATIONAL BANK *et al.*, Plaintiffs-Appellees, *v.* THE DEPART-
MENT OF REVENUE *et al.*, Defendants-Appellants.—PLAINFIELD NA-
TIONAL BANK, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE
*et al.*, Defendants-Appellants.

Third District Nos. 82—239, 82—24 cons.

Opinion filed January 19, 1983.

HEIPLE, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Kathryn A. Spalding,
Assistant Attorney General, of counsel), for appellants.

Peter Lousberg, of Lousberg & McClean, of Rock Island, for appellees.

JUSTICE ALLOY delivered the opinion of the court:

The taxpayers purchased State and municipal bonds at a pre-
mium. The interest from these bonds is exempt from Federal taxa-
tion. For State income tax purposes, however, the taxpayer must in-
clude the interest to determine his base income. (Ill. Rev. Stat. 1981,
ch. 120, par. 2—203(b)(2)(A).) The taxpayers in this case excluded the
amortized bond premium from the interest payments when they com-
puted their base income. The Department of Revenue ruled that the
taxpayers improperly amortized the bond premium. The Department
determined that the Illinois Income Tax Act permits no deduction for
an amortized municipal bond premium, and assessed deficiencies
against the taxpayers. The circuit courts reversed, ruling that a tax-

payer may exclude amortized bond premiums from his base income. The Department now appeals.

The issue is whether a taxpayer may exclude an amortized municipal or State bond premium from his base income. This is an issue of first impression in Illinois.

The Illinois Income Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 1–101 *et seq.*) imposes a tax on the "net income" of a corporation. (Ill. Rev. Stat. 1977, ch. 120, par. 2–201.) The Act utilizes Federal taxable income as the base for computation of a taxpayer's net income. (Ill. Rev. Stat. 1977, ch. 120, par. 1–102.) The focus of the debate in the instant appeal is the Act's requirement to add Federal tax-exempt interest payments to a corporation's base income:

"(1) In general. In the case of a corporation, base income means an amount equal to the taxpayer's taxable income for the taxable year as modified by paragraph (2).

(2) Modifications. The taxable income referred to in paragraph (1) shall be modified by adding thereto the sum of the following amounts:

(A) An amount equal to all amounts paid or accrued to the taxpayer as interest during the taxable year to the extent excluded from gross income in the computation of taxable income; ***." Ill. Rev. Stat. 1977, ch. 120, par. 203(b).

State and municipal bonds are exempt from Federal taxation. (Int. Rev. Code sec. 103.) For Federal tax purposes, all interest paid during the taxable year is excluded from gross income. The Code does not permit any deduction for amortized premiums on tax-exempt bonds, though it allows such a deduction for taxable bonds. The Code requires amortization of premiums of tax-exempt bonds, however, to adjust the basis of the bonds. (Int. Rev. Code sec. 1016(a)(5).) These provisions regarding tax-exempt bonds maintain consistency in the Federal tax scheme. If the Code permitted a deduction for amortized premiums, it would be reducing taxable income for an expense attributable to earning tax-exempt income. Amortization of the premium to adjust the basis prevents the taxpayer from claiming a loss upon maturity of the bond. A contrary rule would give the taxpayer an indirect deduction of the amortized premium.

In the case at bar, the Department argues that section 2–203 clearly requires a taxpayer to add all interest payments excluded from his Federal gross income back into his State base income. In particular, the Code excluded all interest received from tax-exempt bonds. Since there is no deduction for amortized premiums under the Illinois Income Tax Act, the Department contends, the full amount of the in-

terest payment must be included in the taxpayer's base income. Citing *Caterpillar Tractor Co. v. Lenckos* (1979), 77 Ill. App. 3d 90, 395 N.E.2d 1167, *aff'd* (1981), 84 Ill. 2d 102, 417 N.E.2d 1343, *prob. juris. noted sub. nom. Chicago Bridge & Iron Co. v. Caterpillar Tractor Co.* (1981), 454 U.S. 1029, 70 L. Ed. 2d 472, 102 S. Ct. 564, the Department argues that a deduction of amortized bond premiums is improper without specific legislative authority for the deduction.

■ Although the Department presents a strong argument, its position ignores the context of the add-back provision. The Illinois income tax is a tax on net income, not gross income. (Ill. Rev. Stat. 1977, ch. 120, par. 2—201.) Interest, of course, is a form of income derived from capital. If a taxpayer receives the face value of a municipal bond which he bought at a premium, he receives less than what he paid for that bond. If we follow the Department's position, the difference is never accounted for: It is not a loss and the premium is never recouped or amortized. It is simply ignored. Ignoring the existence of a capital expenditure, however, is contrary to generally accepted principles of accounting.

Our determination of this issue reinforces the legislature's intent to tax *only* net income. This requires no amendment to the Illinois Income Tax Act. The dissent makes much of the language of section 203(b). That language, however, provides no support for the dissent's position. On the contrary, our decision upholds the clear language of the Act. Section 203(b) requires the taxpayer to add "amounts paid or accrued to the taxpayer as *interest*" to his base income, to the extent those amounts were excluded from Federal gross income. The Act does *not* require the taxpayer to add-back all amounts received from the bond issuer. He only adds federally tax-exempt *interest*. The question becomes, therefore, what is interest? Does it include all amounts received by a bondholder, even when the bond is purchased at a premium?

■ The process of amortizing bond premiums is merely a method to determine the interest a taxpayer receives from a bond. Taxation of the amount a bondholder receives from a bond issuer, without amortization of the premium, effectively taxes an amount in excess of the actual income from a bond. The amortized premium does not represent income or interest. It is a return of capital. As such, it is outside the scope of the Act. There is nothing in the Illinois Income Tax Act which demonstrates any legislative intention to tax the capital as well as the net income from a bond. Curiously, the dissent agrees with the definitional principles of amortization, interest and net income, yet maintains that any amount a taxpayer receives from a bond must

be added to base income. This position is contrary to the language of the Act and generally accepted accounting principles.

The taxpayers here have not "deducted" the amortized premium from the interest they received from the bonds. They have calculated the interest they received and added that interest to their base income. By continually referring to the amortization of premiums as a deduction, the State and the dissent confuse the issue. This case requires us to interpret the word "interest" as it is used in the income tax act. The fact that the Internal Revenue Code permits a "deduction" of amortized bond premiums from Federal gross income for taxable bonds, but not tax-exempt bonds, is not determinative of this case. The Illinois Income Tax Act provides for a tax only on net income. The taxpayers in the instant appeal have not deducted anything from their net income. They have excluded an amount which, by all financial and accounting principles, does not represent any income. By amortizing the bond premium, the taxpayers have calculated the interest earned on the bonds. It is worth noting that the Code prohibits a deduction of an amortized tax-exempt bond premium only because such a deduction would be inconsistent with the Federal tax scheme: An expense that generated tax-exempt income would be deductible from taxable income. The Federal rule certainly does not imply that amortized municipal or State bond premiums are income. Such a result would contradict standard accounting practices and in turn produce a false picture of the taxpayer's net income. We must presume, when the legislature refers to a term such as "interest" in an income tax act, that it is utilizing accepted financial and accounting definitions of that term. Therefore, the Illinois Income Tax Act's mandate to add federally tax-exempt interest to a taxpayer's base income must refer to the amount a taxpayer receives, minus the amortized premium for the bond. That result is his interest on the bond. This conclusion is supported by the language of the Act, as well as its stated overall purpose of taxing only net income. Ill. Rev. Stat. 1977, ch. 120, par. 2—201.

■ We hold, therefore, that a taxpayer may amortize the premium he pays for a State or municipal bond and that this amortized premium is excluded from his calculation of base income for State income tax purposes. Finally, although the circuit court of Rock Island County awarded its plaintiffs costs of the suit, those plaintiffs explicitly waived this issue on appeal. Therefore, we express no opinion on this point.

The judgments of the circuit courts of Will County and Rock Island County are affirmed.

BARRY, P.J., concurs.

JUSTICE HEIPLE, dissenting:

The majority opinion in this case usurps the function of the Illinois General Assembly. Not liking the result of the unambiguous language of the Illinois Income Tax Act, this court chooses to rewrite the statute (Ill. Rev. Stat. 1977, ch. 120, par. 1—101 et seq.).

. The problem arises in this way. The Illinois income tax is based on the Federal income tax return filed by the taxpayer. The Illinois tax rate is applied to the taxable income as shown on the Federal return. That is both simple and straight-forward. The Illinois law provides for an addition to the taxable income figure before applying the rate, however, in one circumstance. That is, since the interest income earned from State and municipal bonds is excluded from the Federal tax return, Illinois law requires that such bond interest be added in before computing the Illinois income tax. Nothing complicated there.

What is the problem in this case?

The plaintiffs in this case are banks. They regularly buy and sell State and municipal bonds as part of their banking investments. Because of the nature of the bond market, they often pay more than par value for bonds. The additional sum is called a premium. When market interest rates drop below the stated interest on the bond, the bond itself sells at a premium above par. When market interest rates rise above the stated interest on the bond, the bond sells at a discount below par.

In filing and paying their Illinois income tax, the banks in this case reduced their bond interest income on State and municipal bonds by taking the amount of the bond premium, amortizing that premium, and then deducting it from the interest earned before reporting that interest.

The State argues that such deduction is not permitted by the Illinois Income Tax Act. The State is correct. The deduction is not in the law. This court has chosen to modify the statute by engrafting the claimed deduction into the law. The law does not countenance such an invasion of the legislative function by the judiciary. The doctrine of separation of powers militates against it. If this addendum is correct, why not reduce the rate of tax as well?

No one can dispute that good accounting principles would dictate amortization of bond premiums. That is well and good. Regrettably, however, good accounting principles have nothing to do with the problem. What we have here is nothing more than the simple matter of applying a tax rate to defined income. That is all. Concepts of good

accounting principles cannot be used to change the result. As an indication of where the majority's position could take us, it might also be argued that the banks should be allowed to deduct not only bond premiums but other overhead factors as well. Why not deduct utility costs, employee salaries and postage from bond interest earned? Would not that also be good cost accounting?

Having said that, I would add that the banks in this case make a plausible argument for amending the law. That amendment, however, should be made by the Illinois General Assembly. It cannot lawfully be made by this court.

Accordingly, I dissent.